# United States Court of Federal Claims

No. 18-1229 C
November 7, 2018

**CASSANDRA D. METTS,**

    *Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

    *Defendant.*

*Cassandra D. Metts*, Baltimore, MD, *pro se*.

*Christopher Loren Harlow, Esquire*, United States Department of Justice, Civil Division, Washington, D.C., for defendant.

## ORDER AND OPINION

**Hodges,** Senior Judge.

    Plaintiff Cassandra D. Metts filed a complaint August 2018 seeking damages against the United States for violation of "human rights and fundamental freedoms, including the freedom of thought, conscience, religion or belief," social security disability benefits, and "criminal civil liability crimes against estates."[1] Plaintiff also filed a request for alternative dispute resolution. Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

    This court generally hears actions against the United States in which Congress has waived its sovereign immunity pursuant to the Tucker Act. 28 U.S.C. § 1491(a)(1). The Tucker Act permits an action for money damages, but plaintiffs must establish a separate source within a contract, regulation, statute, or constitutional provision that reasonably authorizes payment of money for violation of the contract, statute, or other provision. *United States v. Testan*, 424 U.S. 392, 398 (1976).

---

[1] Ms. Metts asserts similar allegations in her complaint filed on August 16, 2018. *Metts v. United States*, C/A No. 18-1230.

7017 1450 0000 1346 3363

The Supreme Court has ruled that pleadings filed by plaintiffs who proceed pro se are held to less rigid standards than those of parties represented by counsel, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Pro se plaintiffs nevertheless bear the burden of establishing by a preponderance of the evidence that all jurisdictional requirements are satisfied. *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004); *Reynolds v. Army & Air Force Exch. Serv.*, 846 Fed. 2d 746, 748 (Fed. Cir. 1988). The court must dismiss an action if we determine "at any time that [we] lack subject matter jurisdiction." RCFC 12(h)(3).

We do not have jurisdiction over First Amendment claims. *United States v. Connolly*, 716 F.2d 882, 886-87 (Fed. Cir. 1983). Our jurisdiction does not include claims based on criminal violations. *Sanders v. United States*, 252 F.3d 1329, 1333-34 (Fed. Cir. 2001); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing U.S.C. § 1491(a)(1)). We do not have jurisdiction over social security claims. 42 U.S.C. § 405(g); *Addams-More v. United States*, 81 Fed. Cl. 312, 315 (2008).

The Clerk of Court received a complaint from pre-drafted for a United States District Court on October 31, 2018. Ms. Metts wrote "Baltimore" and "District of Maryland" in the spaces designated for identifying the district court. She also wrote "*State Department of Educ. Goucher College*" in the space designated for identifying the defendant. The court is aware that Ms. Metts has repeatedly filed complaints destined for courts. To ensure her complaints are timely filed in the proper jurisdiction, we remind Ms. Metts that this court has jurisdiction that is governed by the Tucker Act, 28 U.S.C. §1491(a).

We have reviewed the complaint in a light most deferential to this plaintiff and taken into consideration the Judiciary's obligation to consider allegations of pro se pleadings with wide latitude compared to those drafted by attorneys, nevertheless we cannot discern a claim within our jurisdiction. *United States v. Ford Motor Co.*, 497 F.3d 1331, 1336 (Fed. Cir. 2007).

For the reasons stated above, we **GRANT** defendant's Motion to Dismiss for lack of subject matter jurisdiction and find as moot plaintiff's Motion to Request Alternative Dispute Resolution and plaintiff's Motion to Proceed *In Forma Pauperis*. The Clerk of Court will **DISMISS** plaintiff's Complaint pursuant to RCFC 12(b)(1). No costs.

**IT IS SO ORDERED.**

Robert H. Hodges, Jr.
Judge